UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&P DRUGS, INC. and<br>J&P APARTMENTS | CIVIL ACTION |
| VERSUS | NO. 06-5623 |
| CONTINENTAL CASUALTY<br>INSURANCE COMPANY, ET AL | SECTION "N" (3) |

### ORDER AND REASONS

Before the Court is the Motion to Remand filed by Plaintiffs, J&P Drugs, Inc. and J&P Apartments (Rec. Doc. No. 4). This matter was removed from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, by Defendants, Continental Casualty Insurance Company ("Continental"), Bubrig Insurance Agency, and Bill Bubrig ("Bubrig") on August 30, 2006. Defendants oppose Plaintiffs' motion (Rec. Doc. No. 6).

The Court has reviewed the motion, along with the supporting and opposing memoranda. For the reasons stated herein, Plaintiffs' motion is **GRANTED**, and this matter is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

### I. BACKGROUND

Plaintiffs in this case are owners of two businesses, both of which are located at 111 Cran Drive, Buras, Louisiana. The physical location of 111 Cran Drive is owned by J&P Apartments, which leases the location to J&P Drugs, Inc. J&P Apartments and J&P Drugs, Inc. share common ownership. Plaintiffs purchased flood insurance policies issued by Continental on both

businesses through insurance agent Bill Bubrig on behalf of Bubrig Insurance Agency.[1]

On or about August 29, 2005, Plaintiffs' property sustained significant flood and wind damage as a result of Hurricane Katrina. After the hurricane, plaintiffs made a claim for coverage of their loss with Bill Bubrig Insurance Agency. Plaintiffs were paid the $500,000 policy limits for dwelling coverage under the flood policy issued to J&P Apartments. Plaintiffs were paid the $500,000 policy limits for contents coverage under the flood policy issued to J&P Drugs, Inc. However, Plaintiffs were denied payment of the $500,000 in dwelling coverage under the flood insurance policy issued to J&P Drugs Inc. Plaintiffs were informed that the reason for the denial of coverage was that the National Flood Insurance Program rules prohibit the issuance of more than one flood insurance policy per property. On July 28, 2006, Plaintiffs filed suit in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. In the petition, Plaintiffs allege that Bubrig "knew or should have known of the above mentioned prohibition under the National Flood Insurance Program rules and/or regulations," and that due to the "negligence and breach of duty" of Bubrig and Bubrig Insurance Agency, Plaintiffs "felt secure in the knowledge that they had adequate flood insurance [when they] did not in fact have adequate flood insurance for their businesses." (Petition, ¶¶ XI, XVI, XVIII). According to the petition, Bubrig and Bubrig Insurance Agency failed to provide the requested level of flood insurance, failed to adequately advise Plaintiffs of relevant facts in conjunction with the purchase and sale of flood insurance, and failed to procure requested insurance coverage. (Petition, ¶¶

---

[1] Bill Bubring sold J&P Drugs, Inc. a policy of flood insurance in the amount of $1,000,000 for their business with $500,000 in dwelling coverage and $500,000 in contents coverage. Bill Bubrig sold J&P Apartments, as owners of the physical location, a policy of flood insurance in the amount of $500,000 for the dwelling or physical structure.

XVII-XVIII) . Plaintiffs also sued their flood insurer, Continental, claiming that it is liable for the negligent errors and omissions of Bill Bubrig based on the *respondeat superior* doctrine.

Defendants removed the case to this Court on September 1, 2006, invoking this Court's original federal question jurisdiction , arguing that Plaintiffs' claims implicate the National Flood Insurance Program ("NFIP").  Plaintiffs now seek remand to state court, arguing that subject matter jurisdiction does not exist because their claims do not raise a federal question.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

#### 1.  Removal

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).     In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).   In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).   Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Id.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C.  §  1447 (c).

#### 2.  Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or

3

treaties of the United States.  28 U.S.C. § 1331.  Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).  This means that the federal question must appear on the face of the complaint.  *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir.1997).  Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'"  *Merrell Dow*, 478 U.S. at 808.  "The fact that a federal defense may be raised to the plaintiff's action ... will not suffice to create federal question jurisdiction."  *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir.1989), *citing Franchise Tax Bd.*, 463 U.S. at 12.  Thus, the general rule provides that a federal defense to a state law claim does not create removal jurisdiction.

### B.  Discussion

The National Flood Insurance Program ("NFIP") provides coverage for flood losses excluded by commercially-written property insurance policies.  Homeowners purchase NFIP flood insurance directly from the Federal Emergency Management Agency ("FEMA") or, more commonly, through private insurers like Continental, known as "Write Your Own" or "WYO" carriers.  By FEMA regulation, all policies issued under the NFIP use the terms and conditions of the Standard Flood Insurance Policy ("SFIP"), itself a federal regulation.  The participation of WYO companies in the NFIP is subject to FEMA regulations and the terms of an "Arrangement" with FEMA.  The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits

against the Director of FEMA for denials of claims made by insured individuals under their SFIP. 28 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 532-36 (E.D.La. 2006).

Plaintiffs argue that federal question jurisdiction is lacking because their claims do not arise under the NFIA. Plaintiffs assert that the petition involves neither the interpretation of the SFIP, nor a dispute of a flood claim made pursuant to the SFIP. According to Plaintiffs, their claims arise strictly under state tort law for errors and omissions of their insurance agent, Bubrig. Plaintiffs further argue that the National Flood Insurance Act ("NFIA") does not expressly confer federal jurisdiction over negligence-based causes of action against insurance agents. Plaintiffs contend that while some NFIA state tort claims (i.e., claims handling) are preempted, the Fifth Circuit has held that tort-based, extra-contractual, and procurement-based claims are not preempted. *Wright*, 415 F.3d at 390 n.3 (5th Cir.2005).

On the other hand, Defendants argue that this case deals with policy adjustment rather than policy procurement because the Defendants "fulfill[ed] their duty with respect to the procurement of insurance for Plaintiffs." (Rec. Doc. No. 6, p.2). However, Plaintiffs allege in their petition that Bubrig failed to provide the requested level of flood insurance and failed to advise them of relevant facts, including the fact that excess flood insurance was available. The Court finds that these claims relate to the procurement of flood policies, which the courts of this district have uniformly concluded do not give rise to federal jurisdiction under the NFIA. *Seruntine v. State Farm Fire & Cas. Co.*, 444 F.Supp.2d 698, 702 (E.D.La.2006).

Defendants further argue that this case will require the Court to interpret NFIP regulations

5

because Plaintiffs are "claiming they are due damages based on the interpretation of the NFIP." (Rec. Doc. No. 6, p.2). The Court disagrees. Contrary to Defendants' assertion, Plaintiffs are not claiming they are due damages based on the *interpretation* of NFIP regulations. Rather, Plaintiffs allege that it was Bubrig's "negligent unawareness" of the NFIP regulations that resulted in Plaintiffs' damages. In fact, Plaintiffs concede that their claim was properly denied under the NFIP regulations. Neither party disputes the fact that NFIP regulations prohibit the issuance of more than one flood insurance policy per property; as such, the interpretation of NFIP regulations is not an issue in this case. Furthermore, "the possibility of such interpretation does not make the terms of the SFIP an 'essential element' of plaintiffs' claim." *Seruntine*, 444 F.Supp.2d at 702. "[F]ederal question jurisdiction exists only when a 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Id.* at 703, (*quoting Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314). Defendants fail to specify which terms of the SFIP are in dispute. The Court, therefore, does not find that Plaintiffs' complaint "necessarily raises a federal issue." *See Seruntine*, 444 F.Supp.2d at 703. Accordingly, Plaintiffs' claims do not provide a basis for federal jurisdiction.

In their memorandum in support of their motion to remand, Plaintiffs request attorneys' fees and costs for Defendants' improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir.1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005)

(*citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000)).  This Court exercises its discretion not to grant plaintiffs' request for attorneys' fees and costs.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

1.  The Motion to Remand filed by Plaintiffs J&P Drugs, Inc. and J&P Apartments is **GRANTED**;

2.  Plaintiffs' request for costs, expenses, and attorney's fees is **DENIED**; and

3.  Pursuant to 28 U.S.C. § 1447 (c), this action is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this __7th__ day of February, 2007.

**Kurt D. Engelhardt**
**United States District Judge**